## Hamilton Estate

*Cassin W. Craig*, for accountants.

TAXIS, P. J., March 15, 1956.—Testatrix died on April 30, 1955, leaving a will dated September 9, 1947,

duly probated on May 27, 1955, on which the present letters were granted to the accountants who were appointed executors and testamentary trustees.

Testatrix was unmarried and had no issue. The beneficiaries under the provisions of the will are set forth under paragraph 3 of the petition for adjudication.

The account shows a balance of principal for distribution of $32,753.85, composed of one-half undivided interest in premises 50 Linwood Avenue, Ardmore, $10,500, shares of stock set forth on page 1, $1,012, the bonds set forth on page 2 totaling $4,118.10, inventory value of personal effects, $1,857, coins, $14.22, insurance policies set forth on page 2, $91.32, 1941 Pontiac sedan, $75, jewelry of the inventory value of $105, and cash, and a balance of income for distribution of $212.23.

Walter M. Burkhardt has renounced his right to act as a trustee under the will, and The Bryn Mawr Trust Company becomes trustee in his place and stead.

The transfer inheritance tax has been paid on account in the sum of $4,205.71. The residue of the estate, as hereinafter awarded to the trustees, is expressly subject to the payment of any balance of said transfer inheritance tax that may be found to be due.

Decedent, in paragraph 10 of her will, directed as follows:

"I direct that all estate, inheritance and succession taxes on my estate and on any property over which I have the power of appointment, shall be paid out of the principal of my general estate, to the same effect as if said taxes were expenses of administration, and all legacies, devises and other gifts of principal and income shall be free and clear thereof. In the absolute discretion of the Trustees, such taxes may be paid immediately, or the payment of same on future or re-

mainder interests may be postponed until the time possession thereof accrues to the beneficiary."

In decedent's safe deposit box at Bryn Mawr Trust Company, registered in her own name, the executors found three $1,000 United States Savings Bonds, two being series G, each issued July, 1947, and the third being series K, issued May, 1953. Each of these bonds was in the name of decedent, payable on death, as to one, Mary Anne Young, as to another, Richard H. Young, and as to the third, Richard M. Hamilton.

The question has been submitted whether the Pennsylvania inheritance tax at the rate of 15 percent attributable to these bonds should be paid by the executors or by the respective beneficiaries.

Normally, the transfer inheritance tax is payable by the beneficiary unless the will clearly provides exoneration to nontestamentary assets from the tax burden. Here, the language of paragraph 10 does not place this tax burden on residue. The phrases "on my estate," and ". . . all legacies, devises and other gifts shall be free and clear thereof" are patently limited to the testamentary estate. I conclude, therefore, that the tax is payable by the respective beneficiaries: Prifer's Est., 53 D. & C. 103. See Fiduciary Review, July, 1952.

The balances of principal and income for distribution, subject to distributions already properly made, are awarded as suggested under the last paragraph of the petition for adjudication.

The account is confirmed, and it is ordered and decreed that Walter M. Burkhardt and Charles Morris Hamilton, executors, as aforesaid, forthwith pay the distributions herein awarded.

Counsel for accountants shall file a schedule of distribution in duplicate.

And now, March 15, 1956, this adjudication is confirmed nisi.